NORVAL, J., did not sit.

---

## W. H. RICKARDS v. SIMON HENE.

[FILED SEPTEMBER 17, 1890.]

1. **Partnership.** In an action on an account for goods sold and delivered to R. & Co., one W. H. R., before the delivery of part of the goods, purchased the interest of R. in the firm business and assumed his share of the debts. As testified to by one of the witnesses, "he stepped into the shoes" of R. *Held*, That the testimony shows that W. H. R., as a member of the new firm, assumed the debts of R. in the firm of R. & Co.

2. **Variance.** That there was no material variance therein as between the case brought in the justice court and that tried in the district court.

3. **The evidence** *held* to sustain the verdict.

ERROR to the district court for Lancaster county. Tried below before FIELD, J.

*Pound & Burr*, for plaintiffs in error.

*Cornish & Tibbetts*, contra, cited: *Humphries v. Spafford*, 14 Neb., 488; *Homan v. Steele*, 18 Id., 652; *McKeighan v. Hopkins*, 19 Id., 33; *Carmichael v. Dolan*, 25 Id., 335; Code, secs. 144, 145.

MAXWELL, J.

This action was brought by Hene against Rickards & Co. to recover for goods sold and delivered.

The bill of particulars is as follows:

"SIMON HENE 
v.
RICKARDS & Co., a partnership doing business under firm name in Lancaster county, Neb.; WILLIAM H. RICKARDS and L. C. RICKARDS.

"The plaintiff for cause of action states that plaintiff sold and delivered to defendant at defendant's request goods and merchandise in description, amount, and value as follows, to-wit:

| | |
|---|---|
| April 28, 1887, cigars................................. | $165 00 |
| June 14, 1887, cigars................................. | 30 00 |
| | $195 00 |

which defendants agreed to pay; that said account has not been paid, nor any part thereof, and there is now due and payable from defendants to plaintiff upon said account the sum of $195 and interest thereon from the 28th day of June, 1887, for which amount plaintiff asks judgment, together with costs of action."

On the trial before the justice judgment was rendered against L. C. Rickards and F. W. Kenzie for the sum of $195 and costs, and the action was dismissed as to W. H. Rickards. The cause was then taken to the district court, where the following amended petition was filed:

"The plaintiff for cause of action states that Wm. H. Rickards and F. W. Kenzie were copartners, doing business in Lancaster county, state of Nebraska, under firm name and style of Rickards & Co., and that said copartnership was so formed on or about the 1st day of July, 1887; that prior to said time, to-wit, July 1, 1887, the said

firm was composed of defendants L. C. Rickards and F. W. Kenzie; that on or about the dates hereafter mentioned the plaintiff in this action sold and delivered to Rickards & Co. goods and merchandise as follows, to-wit:

April 28, 1887, cigars ............................... $165 00

June 14, 1887, cigars ...............................    30 00

$195 00

"For which said defendants agreed to pay; the said goods were worth the sum of $195; that thereafter the defendants F. W. Kenzie and W. H. Rickards succeeded to the business of L. C. Rickards and W. H. Rickards, and F. W. Kenzie assumed and agreed to pay said account for a valuable consideration to them in hand paid.    That plaintiff agreed to take said defendants for said account; that said account has not been paid, nor any part thereof, and there is now due and payable from said defendants to plaintiff upon said account the sum of $195, and interest thereon from July 1, 1887, for which amount plaintiff asks judgment, with costs of action."

Issues joined thereon and on the trial of the cause judgment was rendered in favor of Hene against W. H. Rickards and F. W. Kenzie for the sum of $195, and in favor of L. C. Rickards.

The plaintiff in error now insists, first, that the action brought in the district court was not the same as that brought before the justice.

There is testimony tending to show that L. C. Rickards and F. W. Kenzie were in partnership in business in a restaurant in Lincoln; that about July 1, 1887, W. H. Rickards purchased the interest of L. C. Rickards in the business, and assumed the liabilities of L. C. Rickards in said firm and received the credits due L. C. Rickards, a member of said firm.    In the language of one of the witnesses, W. H. Rickards "stepped into the shoes" of L. C. Rickards in the firm business.

It is clearly shown that a part of the purchase price of the business was the assumption by W. H. R., as a member of the new firm, of the debts of L. C. Rickards. It is also shown that a part of the goods purchased from the defendant in error were not delivered until after plaintiff in error became a member of the firm.

There is no such variance between the case as brought before the justice and that brought in the district court as to defeat the plaintiff's right to recover. While the goods were not sold directly to the plaintiff in error, yet he assumed the payment of the same as a member of the new firm. The plaintiff in error assumed these debts as a part consideration for the restaurant and its business. He has not paid the debt and therefore is liable thereon.

Second—The evidence fully sustains the judgment of the district court, and there is no material error in the record.

The judgment of the district court is

AFFIRMED.

THE other judges concur.